# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JONATHAN LOGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| ) | |
| FREEDOM MORTGAGE CORPORATION, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |

COMES NOW Plaintiff, Jonathan Logan, by and through undersigned counsel, and for his Complaint against the Defendant, Freedom Mortgage Corporation, he states and avers as follows:

## INTRODUCTION

1. This is an action for actual, statutory and punitive damages brought by Plaintiff against the Defendant for the willful, knowing, and/or negligent violation of 15 U.S.C. § 1681 *et seq.*, known as the *Fair Credit Reporting Act* ("FCRA") which relates to the proper dissemination and use of consumer credit and other financial information; of 12 U.S.C. § 2601 *et seq.*, known as the *Real Estate Settlement Procedures Act* ("RESPA") which relates to the proper maintenance and servicing of residential mortgages.

## PARTIES

2. Jonathan Logan ("Plaintiff") is a natural person that resides in Mount Vernon, Missouri.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. § 1681a(c).

4. Freedom Mortgage Corporation ("Freedom Mortgage") is a foreign corporation that regularly transacts business in Missouri as a mortgage servicer.

5. Freedom Mortgage is a furnisher of information as contemplated by the FCRA, 15 U.S.C. § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies.

6. Freedom Mortgage is a "servicer" as that term is defined by RESPA and Regulation X.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681*p*.

8. Venue in this District is proper because Plaintiff resides in this District, Defendant transact business in this District, and the conduct complained of occurred in this District.

## BACKGROUND AND FACTUAL ALLEGATIONS

10. In January 2017, Plaintiff entered into a mortgage financing agreement to purchase a home for himself and his family.

11. Freedom Mortgage acted as the servicer on the mortgage loan.

12. On January 2, 2020, Plaintiff, like he did every month, obtained a money order from his local post office for the amount of his scheduled mortgage payment and sent the money order to Freedom Mortgage.

13. Out of an abundance of caution, Plaintiff sent his payment via certified mail so that he could confirm receipt.

14. Plaintiff received confirmation that his mortgage payment was received by Freedom Mortgage on January 6, 2020.

15. However, on or about January 13, 2020, Plaintiff received correspondence from Freedom Mortgage indicating his payment was past due.

16. Plaintiff, knowing this was not accurate, immediately contacted freedom mortgage to see if

2
Case 3:20-cv-05102-MDH   Document 1   Filed 10/21/20   Page 2 of 9

the letter he received was a mistake.

17. On the contrary, the representative he spoke with by telephone confirmed that they did not show any receipt of his payment.

18. He immediately initiated a "Notice of Error" dispute with Freedom Mortgage by email on January 14, 2020.

19. Despite presenting copies of the money order receipt, and the tracking information proving the payment was delivered to Freedom Mortgage, Plaintiff continued to receive demands for the missing payment to be repaid.

20. Despite its receipt of compelling evidence that the mortgage payment was sent and received by Freedom Mortgage, it responded to the Notice of Error request without acknowledgment of the payment or offering any relief to Plaintiff.

21. Rather, Freedom Mortgage supplied a form response requesting further documentation.

22. Plaintiff continued to correspond with Freedom Mortgage without any progress towards a resolution.

23. Eventually, Freedom Mortgage reported the account as 30 days past due to the three major consumer reporting agencies, Equifax, Experian, and Trans Union.

24. This was a violation of Regulation X, 12 C.F.R. 1024.35(i)(1), which requires a servicer to refrain from reporting any adverse credit information regarding a consumer within 60 days of a Notice of Error dispute.

25. The unlawful late payment had an immediate and significant negative impact on Plaintiff's credit scores.

26. In February 2020, Plaintiff was in the process of pursuing a refinance of his mortgage with a new lender.

27. Once the late payment hit his credit report, he was advised that his refinance goals would not be possible for at least another 12 months, perhaps longer.

28. In other words, the late payment reported by Freedom Mortgage immediately caused Plaintiff significant financial loss.

29. After repeatedly attempting to resolve the issue on his own without success, Plaintiff retained the assistance of an attorney to assist in resolving the issue.

30. On or about March 6, 2020, Plaintiff's attorney sent a letter to Freedom Mortgage serving as an additional Notice of Error and Request for Information. This request included a duly executed power of attorney from Plaintiff.

31. However, Freedom Mortgage responded with a form declination letter stating it would need third-party authorization in order to take any further action.

32. Plaintiff's counsel sent an additional letter to Freedom Mortgage on or about April 13, 2020 along with another executed power of attorney.

33. Freedom Mortgage failed to respond to this correspondence in any meaningful way.

34. While Plaintiff's counsel was corresponding with Freedom Mortgage directly, Plaintiff, in early March 2020, sent dispute letters to the consumer reporting agencies, Equifax, Experian and Equifax ("the CRAs") regarding the inaccurate late payment.

35. Upon information and belief, and pursuant to 15 U.S.C. § 1681i(a)(2) of the FCRA, each consumer reporting agency forwarded a copy of Plaintiff's dispute letter to Freedom Mortgage.

36. Pursuant to 15 U.S.C. § 1681s-2(b) of the FCRA, Freedom Mortgage was then obligated to investigate the disputed information for accuracy and modify or delete the information if the disputed information was determined to be incomplete or inaccurate.

37. However, Plaintiff received responses from the CRAs stating that Freedom Mortgage had

responded to the disputes without updating or removing the late payment information.

38. Plaintiff sent additional letters to the CRAs on April 13, 2020, again requesting removal of the inaccurate late payment information.

39. Plaintiff included with his dispute letters a copy of the money order receipt and the tracking information showing receipt of the money order by Freedom Mortgage.

40. Again, the CRAs responded that Freedom Mortgage "verified" the accuracy of the information and it would not be removed.

41. All of this left plaintiff feeling very helpless. How can Freedom Mortgage ignore his documentation? How can they have lost his money? How can they punish him for their mistake?

42. Plaintiff fears, justifiably, that Freedom Mortgage will continue to report the inaccurate late payment information on his credit report, harming his credit scores, absent litigation.

**FIRST CLAIM FOR RELIEF**
**(Negligent and Willful Violations of 15 U.S.C. § 1681*s-2* by Freedom Mortgage)**

43. Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

44. Freedom Mortgage is a "furnisher" as that term is used in 15 U.S.C. § 1681*s-2*.

45. Furnishers of credit information have duties under the FCRA, specifically 15 U.S.C. § 1681*s-2*(b)(1), to investigate disputes initiated from consumers to CRAs as to the accuracy of information reported about them by the furnisher.

46. On at least two occasions, March 6, 2020 and April 13, 2020, Plaintiff contacted the CRAs specifically to dispute the accuracy of the payment history on the Freedom Mortgage account on his credit report.

47. Plaintiff specifically advised the CRAs that a mistake had been made, provided all necessary

information to support his dispute, and requested the false information be corrected accordingly.

48. Upon information and belief, and pursuant to 15 U.S.C. § 1681$i$(a)(2), Freedom Mortgage received notification of these disputes from the CRAs.

49. Nevertheless, the inaccurate payment history on the Freedom Mortgage account was allowed to remain on Plaintiff's credit report under the guise that Freedom Mortgage had "verified" the information as true.

50. Either Freedom Mortgage conducted no real investigation of Plaintiff's disputes, or such investigations were so lacking as to allow confirmed information known to be false to remain on Plaintiff's credit file.

51. Freedom Mortgage' failures in this regard are exacerbated by the sheer number of times Freedom Mortgage was contacted about this account.

52. By failing to conduct a reasonable investigation into Plaintiff's disputes in this regard, Freedom Mortgage negligently and/or willfully violated § 1681$s$-$2$(b)(1) with respect to the disputes lodged by Plaintiff.

53. As a direct and proximate result of Freedom Mortgage's willful and/or negligent refusal to comply with the FCRA as described herein, Plaintiff has suffered loss and damage including, but not limited to: financial loss, loss of creditworthiness, loss of credit opportunity, damage to reputation, expenditure of significant time, energy and out-of-pocket costs, considerable distress, mental anguish, worry, frustration, fear and embarrassment, entitling Plaintiff to an award of actual damages as determined by the jury, plus attorneys' fees and the costs of this action, pursuant to 15 U.S.C. § 1681$o$.

54. Freedom Mortgage's complete and utter indifference as to its obligations under the FCRA reveals a conscious disregard of the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct, calling for an assessment of

punitive damages against Freedom Mortgage, pursuant to 15 U.S.C. § 1681*n*(a)(2).

**WHEREFORE** Plaintiff prays for judgment in his favor and against Freedom Mortgage, and for the following relief:

(a) Actual damages sustained;

(b) Statutory damages of not less than $100 and not more than $1000 on each willful violation of the FCRA;

(c) Punitive damages in an amount to be determined by the jury;

(d) Reasonable attorneys' fees and costs; and

(e) Any other and/or further relief as deemed appropriate and just by this Honorable Court.

**SECOND CLAIM FOR RELIEF**
**(Negligent and Willful Violations of 12 U.S.C. § 2605 by Freedom Mortgage)**

55. Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

56. Freedom Mortgage is a "servicer" as that term is defined within RESPA and by Regulation X.

57. Servicers have duties under the FCRA, specifically 12 U.S.C. 2605(e) to investigate Notices of Error and Requests for Information initiated by consumers regarding errors in servicing.

58. On at least three occasions, January 14, 2020, March 6, 2020, and April 13, 2020, Plaintiff, or Plaintiff's counsel, contacted Freedom Mortgage with Notices of Error regarding Plaintiff's January mortgage payment.

59. Plaintiff specifically advised Freedom Mortgage that a mistake had been made, provided all necessary information to support his dispute, and requested his mortgage and his credit reports be updated

and corrected accordingly.

60. Nevertheless, the missing mortgage payment was never located, nor was any reasonable explanation given for why it was never returned to Plaintiff.

61. Either Freedom Mortgage conducted no real investigation of Plaintiff's disputes, or such investigations were so lacking as to allow documented information known to be false to remain on Plaintiff's credit file.

62. Freedom Mortgage' failures in this regard are exacerbated by the sheer number of times it was contacted about this account.

63. By failing to conduct a reasonable investigation into Plaintiff's disputes in this regard, Freedom Mortgage negligently and/or willfully violated § 2605(e) with respect to the disputes lodged by Plaintiff.

64. As a direct and proximate result of Freedom Mortgage's willful and/or negligent refusal to comply with the RESPA as described herein, Plaintiff has suffered loss and damage including, but not limited to: financial loss, loss of creditworthiness, loss of credit opportunity, damage to reputation, expenditure of significant time, energy and out-of-pocket costs, considerable distress, mental anguish, worry, frustration, fear and embarrassment, entitling Plaintiff to an award of actual damages as determined by the jury, plus attorneys' fees and the costs of this action, pursuant to 12 U.S.C. 2605(f).

**WHEREFORE** Plaintiff prays for judgment in his favor and against Freedom Mortgage, and for the following relief:

(f)  Actual damages sustained;

(g)  Statutory damages of $2,000 for each violation of the RESPA;

(h)  Punitive damages in an amount to be determined by the jury;

(i)  Reasonable attorneys' fees and costs; and

(j) Any other and/or further relief as deemed appropriate and just by this Honorable Court.

**JURY DEMAND**

Plaintiff respectfully demands a jury trial on all issues so triable.

Respectfully submitted,

**By: s/Andrew M. Esselman**
Andrew M. Esselman #64837
Credit Law Center, LLC
4041 NE Lakewood Way, Suite 200
Lee's Summit, MO 64064
T: (816) 246-7800
F: (855) 523-6884
andrewe@creditlawcenter.com
**Attorney for Plaintiff**